**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-3108
_____

JESSE D. PELLOW,

Appellant

v.

PRESBYTERIAN HOMES, INC., d/b/a Presbyter
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. Civil Action No. 3:23-cv-00264)
Magistrate Judge:  Keith A. Pesto (by consent)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 17, 2025
Before:  HARDIMAN, MATEY, and CHUNG, Circuit Judges

(Opinion filed September 18, 2025)
_____

OPINION*
_____

PER CURIAM

In 2023, pro se appellant Jesse Pellow filed a civil action against his former

employer, Presbyterian Homes, Inc., alleging unlawful termination and discrimination in

_____
* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

violation of various federal laws. The parties consented to the jurisdiction of the Magistrate Judge, who issued a discovery order.

While discovery was ongoing, a third party filed an unrelated action in the District Court against Garvey Manor Nursing Home, another of Pellow's former employers.[1] Thereafter, Pellow filed motions in his own case seeking to join or intervene in, as well as dismiss, the Garvey Manor case. As that case had no connection to Pellow's then-pending action, the filings were removed from public view and refiled in the separate Garvey Manor action.

On October 5, 2024, as discovery was drawing to a close, Pellow filed a "Final Notice to the Court," stating that he would "NOT be responding to further interrogatories from the defense until the court rules on motions that have been docketed and ignored in both this case and in [] Garvey Manor," and calling the interrogatories sent by the defense "a waste of [his] time." D.Ct. ECF No. 75 at 1. After defense counsel sought to compel discovery, Pellow filed another notice reiterating that he would not "be participating in discovery until the court responds to my 3d party request regarding [] Garvey Manor." D.Ct. ECF No. 77 at 1.

Pellow then moved to recuse the Magistrate Judge, alleging bias and unprofessional conduct. The Magistrate Judge sought to schedule a status conference with the parties on the pending motions. When a courtroom deputy reached out to Pellow

---

[1] See Thompson v. Garvey Manor Nursing Home, W.D. Pa. Civ. No. 3:24-cv-00133.

2

to coordinate scheduling, Pellow advised that he would not be "participating until the court rules on the [Garvey Manor] case. [E]nd of Story." D.Ct. ECF No. 84 at 1. Thereafter, the Magistrate Judge denied Pellow's motion to recuse and, after considering the factors set forth in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984), dismissed the action with prejudice pursuant to Federal Rules of Civil Procedure 37(b)(2)(A)(v) and 41(b). Pellow appeals.

We have jurisdiction under 28 U.S.C. § 1291. We review the Magistrate Judge's denial of recusal for an abuse of discretion. See In re Kensington Int'l Ltd., 368 F.3d 289, 300-01 (3d Cir. 2004). Likewise, we also review the decision to sua sponte dismiss Pellow's action under Rules 37 and 41 for an abuse of discretion. See Curtis T. Bedwell & Sons, Inc. v. Int'l Fid. Ins. Co., 843 F.3d 683, 691 (3d Cir. 1988) (Rule 37); Briscoe v. Klaus, 538 F.3d 252, 257 (3d Cir. 2008) (Rule 41). Because Pellow is pro se, we liberally construe his filings. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). For the reasons that follow, we will affirm the decision of the District Court.

First, the District Court did not abuse its discretion in denying Pellow's motion to recuse. Pellow's general assertion that the Magistrate Judge was biased against the "LGBT community" because he "gave a talk at a conservative catholic university defending the recent decisions by the Supreme Court," D.Ct. ECF No. 82 at 1, was insufficient to suggest that the Magistrate Judge's "impartiality might reasonably be questioned," or that he had any "personal bias or prejudice" towards Pellow. See 28 U.S.C. § 455(a), (b)(1); see also United States v. Martorano, 866 F.2d 62, 68 (3d Cir.

3

1989) (stating that a recusal motion must be based on "objective facts," not "unsubstantiated allegations").[2]

Next, Pellow asserts that the District Court erred in dismissing his case because his employment was wrongfully terminated. While Pellow argues the merits of his claims, he fails to meaningfully challenge the basis for the District Court's sua sponte dismissal of his action, including its analysis of the relevant Poulis factors. As such, Pellow forfeited any challenge to that dismissal. See M.S. ex rel. Hall v. Susquehanna Twp. Sch. Dist., 969 F.3d 120, 124 n.2 (3d Cir. 2020) (explaining that parties forfeit any argument that they do not raise in their opening brief); Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (noting that pro se litigants "must abide by the same rules that apply to all other litigants").

Nonetheless, we have reviewed the decision of the District Court. Although the District Court's opinion was brief, it considered the individual Poulis factors,[3] noting

---

[2] While Pellow now asserts additional reasons why the Magistrate Judge should have recused, see 3d Cir. ECF No. 16 at 21-22, 27, this Court's review is generally limited to the record that was before the District Court. See Acumed LLC v. Advanced Surgical Servs., Inc., 561 F.3d 199, 226 (3d Cir. 2009). Even if we were to consider such allegations, they are again speculative in nature and insufficient to constitute a basis for recusal. Further, Pellow's allegation that the dismissal of his case was the result of bias is likewise speculative and unsubstantiated.

[3] Those factors are: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary …; (3) a history of dilatoriness; (4) whether the conduct of the party … was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." Poulis, 747 F.2d at 868 (emphasis omitted).

Pellow's personal responsibility for his "deliberate" "litigation tactics," the lack of alternative sanctions, prejudice to the defendant, and that "the merits are impossible to evaluate because of the very conduct at issue." D.Ct. ECF No. 85 at 2. Concluding that "having a litigant tell the court how pretrial procedure will work is not a feasible way of managing a docket," it dismissed the action with prejudice under Rules 37 and 41. Id.

While there is no "magic formula" or "mechanical calculation" to determine whether the District Court abused its discretion in its balancing of the Poulis factors and subsequent dismissal, see Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992), "we cannot say that [it] abused its discretion in ordering the dismissal" of Pellow's action. Poulis, 747 F.2d at 870; see also Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 642 (1976).

Accordingly, we will affirm the judgment of the District Court.[4]

---

[4] To the extent Pellow raises any additional arguments in his brief, they are rejected.